## EXHIBIT 2

## PLAINTIFF'S ORIGINAL PETITION

FILED
7/14/2015 4:27:02 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-15-03579-C

CAUSE NO. _____

| | | |
|---|---|---|
| GILBERT PERRY, | § | IN THE COUNTY COURT |
| PLAINTIFF, | § | |
| | § | |
| V. | § | AT LAW NO. ____ |
| | § | |
| BIG LOTS STORES, INC., | § | |
| DEFENDANT. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## AND FIRST REQUEST FOR WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, GILBERT PERRY, Plaintiff, complaining of and against Big Lots Stores, Inc., Defendant, and for cause of action would respectfully show the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.01    Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, this case will be governed according to Discovery Control Plan, Level 2.

1.02    Plaintiff seeks only monetary relief greater than $200,000 but not greater than $1,000,000.00.

### II. PARTIES, JURISDICTION, AND VENUE

2.01    Plaintiff is an individual residing in Dallas County, Texas.

2.02    Defendant is the owner/operator and has exclusive control of the premises, located at 3178 Lavon Drive, Garland, Texas, 75040. Defendant is an Ohio corporation and can be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

2.03    This Court has jurisdiction over the parties to and subject matter of these claims because the amount in controversy is within the jurisdictional limits of this Court and venue is

proper because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Dallas County, Texas.

### III. STATEMENT OF FACTS

3.01    On or about July 14, 2014, Plaintiff was injured, while on Defendant's premises located at 3178 Lavon Drive, Garland, Texas, 75040 (the "Premises"). At the time of Plaintiff's injury, the Premises were being used for the purpose of a Big Lots. The business operated by Defendant on the premises was known as Big Lots# 1949 or simply Big Lots.

3.02    Defendant was in control of the Premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the Premises or leasing the Premises and had the exclusive right to control the property on which Plaintiff was injured.

3.03    Plaintiff was an invitee at the time the injury occurred. Plaintiff went onto Defendant's premises for the mutual benefit of himself and Defendant, and at the implied invitation of the Defendant.

3.04    Plaintiff was injured when, while walking on Defendant's premises, she slipped on a puddle of water. Plaintiff suffered serious injuries as a result of this incident as complained of herein.

### IV. CAUSE OF ACTION FOR PREMISES LIABILITY

4.01    At all material times, Plaintiff was an invitee of Defendant as she was on the Premises for the purpose of purchasing merchandise from Defendant at Defendant's implied invitation. At the time of the incident, there existed on the Premises a dangerous condition of which Defendant knew or should have known. Such dangerous condition posed an unreasonable risk of harm but Defendant failed to exercise reasonable care to eliminate the risk. Such failure by Defendant proximately caused Plaintiff to suffer injuries.

### V. DAMAGES

5.01     As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries. As a result of his injuries, Plaintiff has suffered the following damages:

     a.    Physical pain and suffering in the past and future;

     b.    Mental anguish in the past and future;

     c.    Lost earnings in the past and future;

     d.    Damage to earning capacity;

     e.    Physical impairment in the past and future; and

     f.    Medical expenses in the past and future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial she has judgment against Defendant in a sum in excess of the minimum jurisdictional limits of the Court; prejudgment and postjudgment interest as provided by law; costs of suit; and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,
**RAD LAW FIRM, P.C.**

BY:   /s/Mackenzie Linyard
**MACKENZIE B. LINYARD**
State Bar No. 24083399
12900 Preston Road, Suite 900
Dallas, Texas 75230
Phone (972) 661-1111
Fax    (972) 661-3537
mlinyard@radlawfirm.com
**ATTORNEY FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| GILBERT PERRY, | § | IN THE COUNTY COURT |
| PLAINTIFF, | § | |
| | § | |
| V. | § | AT LAW NO. ____ |
| | § | |
| BIG LOTS STORES, INC., | § | |
| DEFENDANT. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT BIG LOTS STORES, INC.

**TO:**   Defendant, Big Lots Stores, Inc.

COMES NOW GILBERT PERRY, Plaintiff in the above styled cause of action and serves PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY upon Defendant, Big Lots Stores, Inc., as allowed by Tex. R. Civ. P. 192 through 197.  Defendant must answer each request separately, fully, in writing, and the interrogatories under oath, within fifty (50) days after service.

Respectfully submitted,
**RAD LAW FIRM, P.C.**


BY:   /s/Mackenzie Linyard_____
**MACKENZIE LINYARD**
State Bar No. 24083399
12900 Preston Road, Suite 900
Dallas, Texas 75230
Phone  (972) 661-1111
Fax     (972) 661-3537
mlinyard@radlawfirm.com
**ATTORNEY FOR PLAINTIFF**

# I. <u>INSTRUCTIONS</u>

1.      For each document or other requested information that you assert is privileged or for any other reason excludable from discovery, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

2.      For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance. Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or nonexistence of each document that cannot be located.

# II. <u>DEFINITIONS</u>

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      "Plaintiff" or "Gilbert Perry" means Plaintiff, her agents, representatives, and all other persons acting in concert with her, or under her control, whether directly or indirectly, excluding her attorney.

2.      "Defendant" or "Big Lots Stores, Inc.", means Defendant, Big Lots Stores, Inc., its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, excluding its attorney.

3.      "You" or "your" means Defendant, Big Lots Stores, Inc., its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant, its successors, predecessors, divisions, and subsidiaries.

4.      "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5.     "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6.     "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.     "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.     "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

9.     "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

10.     "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.     "Describe" or "identify," when referring to a person, means you must state the following:

a.     The full name;
b.     The present or last known residential address;
c.     The present or last known residential and office telephone numbers;
d.     The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and
e.     In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

12.     "Describe" or "identify," when referring to a document, means you must state the following:

a.     The nature (e.g., letter, handwritten note) of the document;
b.     The title or heading that appears on the document;
c.     The date of the document and the date of each addendum, supplement, or other addition or change;
d.     The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and

e.   The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

13.   The word "and" means "and/or."

14.   The word "or" means "or/and."

15.   "Accident," or "incident," refers to the incident pleaded in Plaintiff's petition(s).

## III. INTERROGATORIES

INTERROGATORY NO. 1:

Please identify the person(s) answering any of these interrogatories by giving your full name, residence, business address and occupation, and identify the office you hold for the Defendant.

INTERROGATORY NO. 2:

Please describe how you believe the incident in question occurred, giving a complete description of the events and/or statements which took place immediately preceding and immediately subsequent to the incident.

INTERROGATORY NO. 3:

For each person, including employees, who was present at the time and place of the incident in question, please identify such people and/or employees by name, address, telephone number, title, and job description.

INTERROGATORY NO.4:

If you or any agent or employee of Defendant made any examination or inspection of the location of the accident in question on the premises in the 24 hours before and after the time of the occurrence in question, please state:

(a)   the date and time of day of such examination or inspection;

(b)   the identification, including name, address and telephone number, of the person making such examination or inspection;

(c)   a description of what such examination or inspection consisted of;

(d)   a description of what such examination or inspection revealed or showed; and

    (e)     a description of every act or activity done or undertaken by you or any agent or employee of Defendant as a result of any condition or circumstance disclosed by such examination or inspection.

INTERROGATORY NO. 5:

If you contend that Plaintiff did not fall as alleged in this action, or was not injured as alleged in this action, please state each fact on which you base your contention, identify any persons by name, address and telephone number who support this contention, and identify any documents that support this contention.

INTERROGATORY NO. 6:

If you contend that Defendant neither knew nor should have known of the alleged condition in question, please state each fact on which you base your contention, identify any persons by name, address, and telephone number who support this contention, and identify any documents which support this contention.

INTERROGATORY NO. 7:

If you contend that you did not have control of the area where the incident in question occurred please provide:

    (a)     the persons or entities you allege had custody and control of the area where the incident occurred; and

    (b)     the factual basis for the allegation that such persons or entities had custody or control of the area where the incident occurred.

INTERROGATORY NO. 8:

If you contend that you prepared instructions or warnings for Plaintiff, consumers, users, or any other persons of a dangerous condition concerning the premises, or that Plaintiff was warned or had notice of a dangerous condition on the premises, identify and describe in detail all such instructions and/or warnings.

## IV. REQUEST FOR PRODUCTION

The items requested are as follows:

1.    All communications occurring between Plaintiff, or anyone acting on her behalf, on the one hand, and Defendant, or anyone acting on its behalf, on the other, relating to or concerning in any way the incident made the basis of this suit, including, but not limited to, handwritten notes of any such communication, copies of any correspondence, transcripts of tape recordings, tapes containing recordings, etc.

2.      Exact copies of each writing and document that Defendant intends to introduce at the trial of this cause.

3.      Exact copies of claims made or suits filed, and any incident reports relating thereto, with respect to each incident where a person, including Plaintiff, fell on the floors of the premises in question during the time period beginning two years prior to the incident in question and continuing up until the present.

4.      Exact copies of any incident reports relating to the incident in question.

5.      Exact copies of all warnings of a dangerous condition concerning the location of the incident in question.

6.      Any and all photographs, recordings, movies, slides, or video tapes in the care, custody or control of you or any of your agents or representatives, depicting Plaintiff, the incident, or the incident scene.

7.      All witness statements regarding this incident in the custody or control of defendant.

8.      A copy of the documents contained in Defendant's claim file regarding the incident made the basis of this suit, other than those created in anticipation of litigation or for trial. (See *In re Texas Farmers Ins. Exchange,* 990 S.W.2d 337 Tex. App.–Texarkana, 1999)(holding that if the primary motivating factor of the insurer's investigation is to evaluate the claim to determine whether it should be settled and the potential lawsuit avoided...the investigation is not conducted in anticipation of litigation).

## V. **REQUEST FOR DISCLOSURES**

Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that you disclose, within 50 days of service of this request, the information described in Rule 194.2(a) - (l).  Pursuant to Rule 190.2(b)(6) of the Texas Rules of Civil Procedure, Plaintiff further requests that Defendant disclose all documents, electronic information, and tangible items that Defendant has in its possession, custody, or control and may use to support its claims or defenses.